# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

04 - 11865 JLT

SPRINT SPECTRUM L.P.,

    Plaintiff,

v.

CITY OF GLOUCESTER, CITY COUNCIL OF
THE CITY OF GLOUCESTER, and
VITO J. CALOMO, JOSEPH A. CIOLINO,
JOHN GUS FOOTE, DEAN W. HARRISON,
ABDULLAH A. KHAMBATY,
SEFATIA A. ROMEO,
EDWARD ST. PETER, JR.,
ALPHONSE J. SWELKA and
JEFFREY T. WORTHINGTON, in their
capacities as members of the City Council of the
City of Gloucester,

    Defendants.

**COMPLAINT**

RECEIPT # 58264
AMOUNT $ 150.00
SUMMONS ISSUED 11
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M.P.
DATE 8/26/04

MAGISTRATE JUDGE JGD

    This action arises out of the denial by the City Council of the City of Gloucester (the "City Council") of an application by Sprint Spectrum L.P. ("Sprint Spectrum") for a Special Council Permit to construct a personal wireless service facility, consisting, in part, of a 66' monopole with flush-mounted antennas, at 50 New Way Lane, Gloucester, Massachusetts. The City Council's denial of Sprint Spectrum's permitting request violates Section 704 of the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c), and Sprint Spectrum's federally protected civil rights, thereby further violating 42 U.S.C. §1983.

A.    PARTIES

1.    The plaintiff, Sprint Spectrum, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Westwood, Kansas. Sprint Spectrum is building a nationwide wireless personal communications services ("PCS") network, and is a personal wireless service provider. Sprint Spectrum holds a Federal Communications Commission ("FCC") license for PCS wireless broadcast in the Massachusetts/Rhode Island area, which includes the City of Gloucester, Massachusetts. Sprint Spectrum and is actively building out its PCS system in that area.

2.    The defendant City of Gloucester (the "Gloucester") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3.    The defendant City Council is a duly authorized unit of the City that has been delegated the authority to, among other things, approve applications for Special Council Permits for wireless telecommunication facilities under the City's zoning bylaws (the Zoning Code of the City of Gloucester).

4.    Upon information and belief, the defendants Vito J. Calomo, Joseph A. Ciolino, John Gus Foote, Dean W. Harrison, Abdullah A. Khambaty, Sefatia A. Romeo, Edward St. Peter, Jr., Alphonse J. Swelka and Jeffrey T. Worthington are each residents of the City and together served as the City Council that denied Sprint Spectrum's request for the Special Council Permit at issue in this action.

B.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction of this action under 28 U.S.C. §1343(a), as this is an action to redress the deprivation, under color of law, of rights and privileges secured by the Constitution of the United States.

2

6.    This Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically 47 U.S.C. §332(c).

7.    Venue is proper in this Court under 28 U.S.C. §1391(b).  The defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

C.    FACTS COMMON TO ALL COUNTS

I. Personal Wireless Communication

8.    Sprint Spectrum is a communications venture committed to providing a single integrated offering of wireless personal communications services by building a national wireless network using PCS technology—technology that uses digital transmission to improve existing wireless telecommunications services.

9.    Portable telephones using PCS digital technology operate by transmitting a very low power radio signal between the telephone and an antenna array mounted on a tower, pole, building, or other structure.  The antenna array feeds the signal to an electronic device housed in the small equipment container located near the antenna, where the signal is connected to an ordinary telephone line and then routed anywhere in the world.  The antenna and equipment container are known as a "cell site."  Because of the low power of the signal, the distance from the cell site to a PCS telephone is limited to a relatively small area.  This area is referred to as the base station area or "cell."

10.    In order to provide continuous service to a PCS telephone user, there must be a continuous interconnected series of cells, and the cells must overlap somewhat in a grid pattern approximating a honeycomb.  In addition to having continuous coverage in a series of overlapping cells, the system requires that the placement of a cell site within each cell be located

3

in a limited area so that the cell site can properly interact with the surrounding cell sites and provide reliable coverage throughout the cell.  Cell sites cannot, however, be located too close to one another without causing disruptive radio frequency interference.

11.    To determine the appropriate location of a cell site, Sprint Spectrum's engineers use complex computer programs to complete a propagation study, based on the boundaries of the cell, the boundaries of existing and planned PCS coverage, the topography of the land within such boundary, the presence or absence of structures and other factors.  In order for the entire system to be operational, there must be enough cells with properly placed cell sites installed and functioning so that complete coverage can be realized.  Only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory.  If there is no functioning cell site within a cell, there would be no PCS telephone service within that cell.

12.    As a result of an extensive propagation study, Sprint Spectrum determined that it required an additional cell site in Gloucester, Massachusetts to fill a substantial and significant gap in its wireless coverage.

13.    As a further result of its propagation study and after investigation of the area, Sprint Spectrum identified property owned Richard Barletta and Marcia Martin, 50 New Way Lane, Gloucester, Massachusetts (the "Site) as the most appropriate available location for the installation of a wireless telecommunications facility.

14.    The installation of a wireless telecommunications facility at the Site would permit Sprint Spectrum to address a significant and substantial coverage gap in the Gloucester area.

15.    The Site is located in the City's R-2A zoning district where personal wireless service facilities are permitted upon issuance of a Special Council Permit.

4

## II. Federal Statutory Control Over PCS Siting

16.    Section 704 of the Federal Telecommunications Act of 1996 (the "1996 Act"), 47

U.S.C. § 332(c), governs federal, state and local government regulation of the siting of "personal

wireless service" facilities such as that proposed by Sprint Spectrum.  It provides, in relevant

part, that:

> (i)    The regulation of the placement, construction, and
>        modification of personal wireless services facilities by any
>        state or local government or instrumentality thereof –
>
> \* \* \*
>
> I.    shall not unreasonably discriminate among providers
>       of functionally equivalent services; and
>
> II.   shall not prohibit or have the effect of prohibiting the
>       provision of personal wireless services.
>
> \* \* \*
>
> (iii)   Any decision by a state or local government or
>         instrumentality thereof to deny a request to place, construct,
>         or modify personal wireless service facilities shall be in
>         writing and supported by substantial evidence contained in
>         a written record.
>
> (iv)    No State or local government or instrumentality thereof
>         may regulate the placement, construction, and modification
>         of personal wireless service facilities on the basis of the
>         environmental effects of radio frequency emissions to the
>         extent that such facilities comply with the Commissions'
>         regulations concerning such emissions.

47 U.S.C. § 332(c)(7)(B).

17.    The 1996 Act further provides that any person adversely affected by a state or

local government's action, or failure to act, that is inconsistent with Section 332(c)(7) may seek

expedited review in the federal courts.  47 U.S.C. § 332(c)(7)(B)(v).

### III.   Action by the Town

18.    On or about April 8, 2004, Sprint Spectrum applied for a Special Council Permit from the City Council, seeking authorization to construct a 66' monopole with three (3) flush-mounted antennas along with the required ground equipment (the "Facility") at the Site.

19.    The Facility would permit Sprint Spectrum to address a substantial coverage gap in its wireless telecommunications network in the Gloucester area, including two major state roads – Routes 128 and 133.

20.    After a series of public hearings, on July 22, 2004, the City Council voted to deny Sprint Spectrum's request for its Special Council Permit. That action was then adopted by the City Council in its meeting of July 27, 2004 and filed with the City Clerk's Office on July 29, 2004. A copy of the City Council's decision (the "Decision") is attached hereto as Exhibit A.

21.    The Decision contains just three sentences explaining the basis for the City Council's action:

> 7.    Whereupon, having considered the entire record herein, . . . the Council considered and determined that the criteria of Section 5.13 had not been met. The City Council found that the proposed personal wireless service facility will have adverse effects on the surrounding neighborhood that outweigh it [sic] benefits to the community. Since one facility is already permitted in the neighborhood, another tower is too much for the neighbors to bear.

22.    The Decision has the effect of prohibiting the provision of personal wireless services; the proposed Facility is necessary to remedy a significant gap in Sprint Spectrum's coverage in the Gloucester area.

23.    The Decision also unreasonably discriminates among providers of personal wireless services by granting an enormous competitive preference to those wireless service carriers that are first to locate in a given neighborhood.

6

24.    Moreover, the Decision is not supported by substantial evidence contained in a written record. The uncontroverted evidence before the City Council established that the Facility would have no adverse effect on real estate values and was barely visible.

25.    Sprint Spectrum has suffered and will continue to suffer irreparable harm by reason of the City Council's actions.

26.    Such irreparable harm will continue unless the violations are enjoined by this Court. Further, Sprint Spectrum is without an adequate legal remedy to prevent such violations.

D.    COUNTS

(Count I – Violation of Telecommunications Act of 1996)

27.    Sprint Spectrum hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 26.

28.    Article VI, Clause 2 of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof … shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding."

29.    The 1996 Act governs the regulation of the placement, construction, and modification of personal wireless service facilities, and under the Supremacy Clause, preempts other regulations affecting such facilities to the extent that such other regulation conflicts with federal law.

30.    Sprint Spectrum's application constitutes a request to provide "personal wireless services" within the meaning of the 1996 Act, and, as such, is entitled to the protection of the 1996 Act.

7

31.    However, in contravention of the 1996 Act, the City Council, on Gloucester's behalf, denied the application and made insufficient and erroneous findings in support of that denial.

32.    Such denial violated the 1996 Act in that it prohibited or had the effect of prohibiting the provision of personal wireless services in the Gloucester area, unreasonably discriminated among wireless providers, and was not supported by substantial evidence.

33.    Accordingly, the City Council's actions should be declared to be in violation of, and preempted by, the 1996 Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis.  Further, the Court should exercise its power to issue an order commanding the City Council to grant to Sprint Spectrum the Special Council Permit requested.

(Count II – Declaratory Judgment, 28 U.S.C. §2201)

34.    Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 33.

35.    The City Council, acting on behalf of the City of Gloucester, denied Sprint Spectrum's application for a Special Council Permit.

36.    The City Council's denial of Sprint Spectrum's application constitutes a violation of the 1996 Act.

37.    An actual controversy exists due to the wrongful denial of Sprint Spectrum's application.

38.    Sprint Spectrum is entitled to a declaration that the Defendants have violated the provisions of the 1996 Act as a result of the denial of Sprint Spectrum's application.

39.    In addition to a declaratory judgment, Sprint Spectrum is entitled to such other and further relief as may be available under 28 U.S.C. § 2202, including, but not limited to, injunctive relief.

### (Count III – Violation of the Civil Rights Act)

40.    Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 39.

41.    Title 42 U.S.C. § 1983 provides in relevant part that:

> [e]very person who, under color of any statute, ordinance
> regulation, custom, or usage, of any state or territory or the District
> of Columbia, subjects or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42.    The City Council, in denying Sprint Spectrum's application, acted under color of the laws and regulations of the Commonwealth of Massachusetts, and laws, ordinances, and regulations set forth in the City's zoning bylaws.

43.    The City Council's denial violates the rights, privileges and immunities of Sprint Spectrum as secured by the 1996 Act.  The City Council therefore acted in violation of Sprint Spectrum's rights as secured by 42 U.S.C. § 1983.

44.    Accordingly, the City Council's action should be declared to be in violation of, and preempted by, 42 U.S.C. § 1983, and should be set aside and enjoined by the Court on that basis.  Further, the Court should exercise its power to issue an order commanding the City Council to grant the Special Council Permit as applied for by Sprint Spectrum.

### E.    PRAYERS FOR RELIEF

WHEREFORE, Sprint Spectrum respectfully requests the following relief:

1.    Money damages for, among other things, lost profits and lost minutes of use resulting from the City Council's wrongful actions.

2     A declaration and judgment that the City Council's actions violated the 1996 Act and are therefore void and invalid;

3.    A declaration and judgment that the City Council's actions are preempted by the 1996 Act and are therefore void and invalid;

4.    A declaration and judgment that the City Council's actions are in excess of its authority, arbitrary, capricious and legally untenable under federal law and are therefore void, invalid and annulled;

5.    A declaration of the respective rights and obligations of the parties;

6.    A declaration and judgment that the Defendants violated 42 U.S.C. § 1983 by denying Sprint Spectrum its federally protected rights under the 1996 Act;

7.    An order mandating that the City Council grant approval of the application for a Special Council Permit and that the City, by and through its duly authorized units, issue to Sprint Spectrum all other municipal permits and authorizations required to allow Sprint Spectrum to install the Facility at the Site with all deliberate speed;

8.    An expedited review of the matters set forth in this Complaint;

9.    An award of Sprint Spectrum's costs of suit herein, including reasonable attorneys' fees; and

10.   Such other and further relief as the Court deems meet and just.

SPRINT SPECTRUM L.P.

By its attorneys,

Wayne F. Dennison (BBO #558879)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

August ___, 2004

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Sprint Spectrum L.P.

## DEFENDANTS

City of Gloucester, et al.

(b) County of Residence of First Listed Plaintiff  **Kansas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  **Essex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wayne F. Dennison, Esq.
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA  02111; (617) 856-8200

Attorneys (If Known)

04  11865  JLT

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendant violates 47 USC Section 332(c) and 42 USC Section 1983 in denying a personal wireless services facility siting request.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  8/26/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Sprint Spectrum L.P. v. City of Gloucester

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
   local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [ ]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,        04cv11865 JLT
             380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.
   home

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
   28 USC §2403)
   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? -  (See Local Rule
   40.1(d)).
   YES [X]    NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
       agencies, residing in Massachusetts reside?
       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Wayne F. Dennison
                Brown Rudnick Berlack Israels LLP
ADDRESS         One Financial Center
                Boston, MA  02111
TELEPHONE NO.   (617) 856-8200

(Coversheetlocal.wpd - 10/17/02)