UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SPRINT SPECTRUM L.P., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF GLOUCESTER, et al. ) <br> ) <br> Defendants. ) | Civil Action No. 04-CV11865-JLT |

## LOCAL RULE 16.1 (D) JOINT SCHEDULING STATEMENT

This action arises out of the denial by the City of Gloucester (the "City") of Sprint Spectrum L.P.'s ("Sprint PCS") application for a Special Council Permit to authorize the installation of a personal wireless services telecommunications facility (including related ground equipment) at 50 New Way Lane, Gloucester, MA. Sprint Spectrum asserts that the City's action violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c) and the Federal Civil Rights Act, 42 U.S.C. § 1983.

The Defendants contend that the City acted in good faith, within its discretion, and in full compliance with the Telecommunications Act, the Zoning Act and the Federal Civil Rights Act.

I.   AGENDA FOR SCHEDULING CONFERENCE

The parties respectfully request that the Court consider and adopt the Proposed Pre-Trial Schedule at Point IV, *infra*.

II.   PHASED DISCOVERY AND DISCOVERY EVENT LIMITATIONS

The parties are cognizant of the benefits of conducting phased discovery, both in terms of time and expense. However, the parties believe that, in the present case, phased discovery is unlikely to be necessary and that the basic facts underlying this dispute are well-known and well-

-2-

developed. The parties jointly concur that the discovery event limitations reflected in the Federal and Local Rules should apply except as otherwise authorized by this Court.

### III.  NECESSITY OF DISCOVERY AND EXPEDITED REVIEW

The parties are also cognizant that this action is to be provided expedited review in this Court and that some of the claims asserted by Sprint PCS are to be determined on the existing record. Sprint PCS, however, seeks discovery related to its so-called "effective prohibition" and "unreasonable discrimination" claims. Those claim, which arises under the Federal Telecommunications Act of 1996, are to be reviewed *de novo* by this Court and may be established with evidence outside the existing record before the City.

### IV.  PROPOSED PRE-TRIAL SCHEDULE (EXPEDITED)

The parties propose the following discovery schedule:

a.  deposition of fact witnesses completed by April 15, 2005.

c.  plaintiff's expert identification and report due by April 30, 2005.

d.  defendants' expert identification and report due by May 30, 2005.

e.  depositions of expert witnesses, if any, completed by June 15, 2005.

The parties propose the following motion schedule:

a.  all discovery motions filed by the completion of discovery on June 15, 2005.

b.  plaintiff's summary judgment motion, if any, due July 1, 2005.

c.  defendants' opposition due August 1, 2005.

d.  plaintiff's reply, if any, due August 15, 2005.

e.  Oral argument to be scheduled at the Court's convenience thereafter.

### V.  ALTERNATIVE DISPUTE RESOLUTION ("ADR")

Sprint PCS is amenable to mediation of this dispute.

VI. CONSENT TO MAGISTRATE

Sprint PCS does not consent to trial by magistrate judge.

VII. CERTIFICATION OF CLIENT CONFERENCES

The parties' Local Rule 16.1(D)(3) certifications are attached or will be separately filed with the Court at the time of the Scheduling Conference.

| **CITY OF GLOUCESTER**<br>By is attorneys,<br><br>_____<br>Cynthia Dunn (BBO/#645774)<br>Assistant General Counsel<br>Law Department, City Hall<br>9 Dale Avenue<br>Gloucester, MA 01930<br>(978) 281-9727 | **SPRINT SPECTRUM L.P.**<br>By its attorneys,<br><br>_____<br>Wayne F. Dennison (BBO #558879)<br>BROWN RUDNICK BERLACK ISRAELS LLP<br>One Financial Center<br>Boston, MA 02111<br>(617) 856-8200 |
|---|---|

Dated: December 6, 2004

-3-